EDGAR E. HARDIN ET AL. V. JOSEPH SHEUEY ET AL.

FILED MAY 15, 1894. No. 5442.

Conspiracy: EVIDENCE: REVIEW. The record in this case examined, and found to contain no evidence to support the verdict of the jury rendered against the plaintiffs in error.

ERROR from the district court of Gage county. Tried below before APPELGET, J.

*L. M. Pemberton* and *F. B. Sheldon,* for plaintiff in error Hardin.

*C. E. Bush* and *Griggs, Rinaker & Bibb,* for plaintiff in error Buckley.

*Rickards & Prout, J. E. Bush,* and *N. T. Gadd, contra.*

RAGAN, C.

On the 26th day of May, 1887, Joseph Sheuey was the owner of two hundred acres of land in Pawnee county. On this day he conveyed it to one Herman Kludas. On the 23d day of August, 1887, Kludas and wife conveyed the land to one E. J. Miller, and on August 24, 1887, Miller conveyed forty acres of the land to one S. A. Gadd, and on the same date S. A. Gadd and her husband mortgaged the land to one Truesdell for $400. On the 6th of October, 1887, Mrs. Gadd and husband made a second mortgage upon this land to one Geer. On the 7th of No-

vember, 1887, Mrs. Gadd and husband conveyed this forty acres to said Geer, and on the 2d day of January, 1888, Geer deeded the forty acres to one Edgar E. Hardin. On August 27, 1887, Miller mortgaged one hundred and sixty acres of the two hundred acres of land which was conveyed to her by Kludas, to S. A. Gadd for $1,500, and on August 30, 1887, this mortgage was assigned to one Edee. On the 16th of September, 1887, Miller conveyed the one hundred and sixty acres of land to L. M. Buckley. S. A. Gadd was the wife of Nathan T. Gadd, a lawyer, we are sorry to say, then residing in Liberty, Nebraska. E. J. Miller was a sister of Mrs. Gadd. Hardin obtained title to forty acres of the land as follows: In May, 1887, and from that time until January 1, 1888, he was in copartnership with Geer, conducting a banking and loan business. About the 27th of May, 1887, Sheuey made a note to Nathan T. Gadd for $500. This note Gadd sold and indorsed to Geer & Hardin, after they had ascertained from Sheuey that his note to Gadd was a valid obligation. In August, 1887, Gadd applied to Geer & Hardin for a loan upon this forty acres of land, the title to which his wife held by the deed from Miller, and Geer & Hardin placed a loan of $400 on the land for Gadd, or Mrs. Gadd, the mortgage being made to Truesdell. At this time Gadd was also indebted to Geer & Hardin, and to secure his own debt and the Sheuey note he made the mortgage to Geer on the 6th of October, 1887, and these debts remaining unpaid, Gadd and his wife made an absolute deed of the land to Geer on the 7th of November, 1887; but this deed was intended as a mortgage. January 1, 1888, Geer & Hardin dissolved partnership and in the settlement of their business Geer quitclaimed his interest in this forty acres of land to Hardin. Buckley claims title to one hundred and sixty acres of the land originally deeded by Sheuey to Kludas. His title came through Miller by the deed of the 16th of September, 1887, and the consideration which he paid for

the land was $400 in cash and the assumption of the $1,500 mortgage placed thereon by Miller on August 27, 1887, and the assumption of another mortgage placed thereon by Sheuey before he conveyed to Kludas.

Joseph Sheuey brought this suit in the district court of Gage county, making Herman Kludas, Edgar E. Hardin, Nathan T. Gadd, Sarah A. Gadd, E. J. Miller, and L. M. Buckley defendants. In his petition Kludas alleged that the parties made defendants had conspired together for the purpose of depriving him of his real estate by falsely and fraudulently representing to him that his wife, from whom he then was living apart, was about to institute criminal proceedings against him on a charge of arson, and that other members of his family were about to commence a civil action against him, and would take away all of his property unless he would deed it to some friend who would save it for him; that all said statements were false and fraudulently made for the purpose of depriving Sheuey of his property; that in pursuance of said conspiracy of the defendants, and in pursuance of their false and fraudulent representations, he was induced to and did convey his property to Kludas; and that soon after said conveyance, the defendants still conspiring together to defraud the plaintiff, prompted and induced him, by false representations and threats of imprisonment, to leave his home and go to the state of Colorado, and that while he was in said state the several conveyances of the real estate noted above were made and delivered for the purpose of defrauding him of his property and carrying out the conspiracy entered into by the parties defendant. The case was tried to a jury and a verdict and judgment rendered in favor of Sheuey against all the defendants, and Hardin and Buckley only bring the judgment rendered against them here for review. There is on file a petition in error of Kludas, but no briefs or arguments are made on his behalf and the judgment against him will be affirmed as of course.

44

There are numerous errors assigned, only one of which it is necessary to notice. We have searched the record in vain for any evidence whatever to support the verdict rendered by the jury so far as Hardin and Buckley are concerned. It would subserve no useful purpose to quote the testimony, or any of it; nor is it necessary to express any opinion as to the correctness of the finding of the jury as to the other defendants. This court will not weigh conflicting evidence, nor pass upon the credibility of witnesses, nor reverse the finding of a jury because it reached a conclusion different from what this court would upon the same testimony; but this verdict cannot stand, because there is absolutely no evidence whatever that either Hardin or Buckley had any knowledge of, or took any part in, the transactions which Sheuey alleges were fraudulent, and by which he alleges he was deprived of his property. The judgment of the district court, so far as Edgar E. Hardin and L. M. Buckley is concerned, is

REVERSED AND REMANDED.